UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALESSANDRA JULIETTA ROVITO, | Case No. 2:22-cv-00529-DAD-JDP (PS) |
|---|---|
| Plaintiff, | ORDER DISCHARGING THE MAY 3, 2022 ORDER TO SHOW CAUSE |
| v. | ECF No. 4 |
| MATHER DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| Defendant. | ECF No. 3 |
| | OBJECTIONS DUE IN 14 DAYS |

Plaintiff Rovito, appearing pro se, commenced this case in the Sacramento County Superior Court, alleging that she found a hair on a pastry that she had purchased from a cafeteria run by defendant Mather Department of Veterans Affairs Medical Center. ECF No. 1. Defendant removed this action to his court and now moves to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 3-1.[1] I recommend that defendant's motion be granted and plaintiff's complaint be dismissed with leave

---

[1] On May 3, 2022, after plaintiff had failed to timely respond to defendant's motion, I ordered her to show cause why sanctions should not be imposed for failure to comply with the court's local rules. ECF No. 4. Because plaintiff subsequently filed an opposition, ECF No. 5, I will discharge the order to show cause.

1

to amend.

## Legal Standard

A jurisdictional challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id.* "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The court must presume the truth of plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009).

In a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. The court does not simply accept the allegations in the complaint as true. *Id*. Instead, "when challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010), and the court makes findings of fact, resolving any material factual disputes by independently evaluating the evidence, *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## Discussion

In January 2022, plaintiff allegedly purchased a cheese danish from defendant's café and found it to contain a hair. ECF No. 1 at 8. She alleges that this contamination caused her obsessive thoughts and precluded her from returning to the café. *Id.* She claims that "the legal doctrine of strict liability holds the defendant responsible for their actions or products, without the plaintiff having to prove negligence or fault." *Id.* Defendant brings a facial challenge to the

court's jurisdiction, arguing that plaintiff's claim should be dismissed because defendant—a federal agency—is entitled to sovereign immunity. ECF No. 3-1 at 2-3. Although plaintiff does not plead a basis for federal jurisdiction, she contends in her opposition that the Federal Tort Claims Act ("FTCA") waives defendant's immunity and provides a statutory basis for her claim. ECF No. 5 at 1-2.

"The United States, as sovereign, is immune from suit in state or federal court except to the extent that Congress has expressly waived such sovereign immunity." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "The [FTCA] is a limited waiver of sovereign immunity," *United States v. Orleans*, 425 U.S. 807, 813 (1976), making the federal government liable for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C.A. § 1346(b). "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *See F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). "[T]he statutory language 'negligent or wrongful act or omission of any employee of the Government,' is a uniform federal limitation on the types of acts committed by its employees for which the United States has consented to be sued." *Laird v. Nelms*, 406 U.S. 797, 799 (1972). Thus, the FTCA does "not authorize the imposition of strict liability of any sort upon the Government." *Id.* at 803.

Plaintiff's lone claim relies on her assertion that defendant is strictly liable for the alleged harm resulting from a hair in her pastry. ECF No. 1 at 8-9. Because tort claims must be brought under the FTCA and the United States has not waived immunity for strict liability claims, her complaint should be dismissed under Rule 12(b)(1). Since an amended complaint could conceivably correct the shortcomings of the current one, I recommend that the dismissal be with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (holding that district courts must afford pro se litigants an opportunity to amend if it appears possible that they can correct the deficiencies in their complaints).[2]

---

[2] Although plaintiff's allegations appear to be trivial, defendant does not argue that granting leave to amend would be futile.

Accordingly, it is hereby ORDERED that the May 3, 2022 order to show cause, ECF No. 4, is discharged.

Further, it RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 3, be granted.

2. Plaintiff's complaint, ECF No. 1 at 5-9, be dismissed with leave to amend.

3. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file a first amended complaint.

4. The clerk's office be directed to send plaintiff a complaint form.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE